# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                   No. CR 17-1371 JB

ROBERT GALLARDO,

        Defendant.

## MEMORANDUM ORDER AND OPINION

**THIS MATTER** comes before the Court on Defendant's Formal Objections to Presentence Report, filed August 15, 2018 (Doc. 101)("Objections"). The Court held a hearing on October 3, 2018. The primary issues are: (i) whether the 4-level enhancement for abduction applies when a Defendant directed a Verizon employee at gunpoint to leave the sales area for the back room with the store's safe; and (ii) whether the 2-level enhancement for recklessly fleeing from law enforcement applies when no evidence establishes Gallardo's role in causing the flight. The Court will overrule Gallardo's Objection to the 4-level enhancement, because the facts meet the United States Court of Appeals for the Tenth Circuit's test for abduction. The Court will sustain Gallardo's Objection to the 2-level enhancement, because Plaintiff United States of America has not meet its burden of proof, by a preponderance of the evidence, to show that Gallardo "actively caused or procured" the reckless behavior. United States v. Conley, 131 F.3d 1387, 1390 (10th Cir. 1997).

I.     **THE 4-LEVEL ENHANCEMENT FOR ABDUCTION APPLIES, BECAUSE A DEFENDANT PUT A GUN TO AN EMPLOYEE'S HEAD AND FORCED HIM TO WALK TO THE BACK OF THE STORE TO OPEN A SAFE.**

Gallardo argues that the 4-level enhancement for abductions should not apply when "a Verizon employee was directed at gunpoint by one of the robbers, from the sales area of Verizon, to the immediate and adjacent back room of the business." Objections at 1. The conduct described, however, meets the Tenth Circuit's standard for abduction. Thus, the Court will apply the 4-level enhancement.

The Sentencing Guidelines provide: "If any person was abducted to facilitate commission of the offense or to facilitate escape, increase by 4 levels." U.S. Sentencing Guidelines Manual § 2B3.1(b)(4)(A) (U.S. Sentencing Comm'n 2018)("U.S.S.G."). Under the Sentencing Guidelines, an abduction occurs when "a victim was forced to accompany an offender to a different location." U.S.S.G. § 1B1.1 cmt. (n.1(A)). The Tenth Circuit does not require much movement to find an abduction. See Roger W. Haines, Jr., Frank O. Bowman III, Jennifer C. Woll, Federal Sentencing Guidelines Handbook 511 (2017). The Tenth Circuit has explained:

> For purposes of U.S.S.G. § 2B3.1(b)(4)(A), a person is "abducted" if (1) he or she is forced to move from his or her original position with sufficient force that a reasonable person would not believe he or she was at liberty to refuse; (2) the offender accompanies the person to the new location; and (3) the relocation of the person was in order to further either the commission of the crime or the offender's escape.

United States v. Archuleta, 865 F.3d 1280, 1288 (10th Cir. 2017). In United States v. Archuleta, the Tenth Circuit concluded that the defendant abducted bank employees when he, "by brandishing a firearm, forced the bank manager and a female teller to accompany him from the lobby and teller area of the bank around a corner and into a separate vault area" to further the robbery. 865 F.3d at 1288. Gallardo argues that other Courts of Appeals have reached different

conclusions about what is required to show an abduction. See Objections at 1-4 (citing United States v. Whatley, 719 F.3d 1206, 1221-23 (11th Cir. 2013)(concluding that an abduction did not occur when a defendant moved employees within a bank branch, because the bank branch constituted a single location); United States v. Eubanks, 593 F.3d 645, 652, 654 (7th Cir. 2010)(concluding that no abductions occurred over the course of two robberies when, in the first robbery, a defendant moved an employee to the back of the store and, in the second robbery, a defendant forced an employee to move "less than six feet," because on those facts, "transporting the victims from one room to another [wa]s simply not enough for abduction"). The conduct during the Verizon robbery, however, meets the Tenth Circuit's test for abduction. A Defendant used a firearm to force an employee to walk with the Defendant to the "back area of the store," as the defendant in United States v. Archuleta forced a victim to walk into the bank's vault. Presentence Investigation Report ¶ 20, at 7, filed July 23, 2018 (Doc. 96)("PSR"). A Verizon employee was made to move from an original position, with a Defendant, to the safe, furthering the robbery. Thus, an abduction meeting the Tenth Circuit's three-part test occurred, and the 4-level enhancement for abduction applies. See U.S.S.G. § 2B3.1(b)(4)(A).

II.  **THE 2-LEVEL ENHANCEMENT FOR RECKLESSLY FLEEING FROM LAW ENFORCEMENT DOES NOT APPLY, BECAUSE THE UNITED STATES HAS NOT PRODUCED EVIDENCE THAT GALLARDO ACTIVELY CAUSED OR PROCURED THE FLIGHT.**

Gallardo contends that the United States has not produced evidence to show that he "aided or abetted, counseled, commanded, induced, procured or willfully caused" the Defendants' reckless flight from law enforcement, as U.S.S.G. § 3B1.2(b) requires. Objections at 4. The USPO cites U.S.S.G. § 1B1.3(a)(B) to argue that the Court should apply the 2-level

enhancement.  <u>See</u> Addendum at 1-2.  The Court concludes that U.S.S.G. § 3B1.2(b) controls here and that the Court should sustain Gallardo's Objection.

Section 3C1.2 provides a 2-level increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."  U.S.S.G. § 3C1.2.  U.S.S.G. 1B1.3(a)(B) states that, in sentencing, a court should consider a co-Defendant's conduct in a "jointly undertaken criminal activity" when that conduct is: "(i) within the scope of jointly undertaken criminal activity; (ii) in furtherance of that criminal activity; and (iii) reasonably foreseeable in connection with that criminal activity."  U.S.S.G. § 1B1.3(a)(B).  U.S.S.G. 1B1.3(a)(B) does not govern here.  The requirements for applying U.S.S.G. § 3C1.2 differ from those listed in U.S.S.G. § 1.B1.3(a)(B).  The comments to U.S.S.G. § 3C1.2 explain: "[T]he defendant is accountable for the defendant's own conduct and for conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused."  U.S.S.G. § 3C1.2 cmt. (n.(1.5)).  The Tenth Circuit has held that U.S.S.G. § 3C1.2 cmt. (n.(1.5)), not U.S.S.G. § 1B1.3(a)(B), controls when a court should apply U.S.S.G. § 3C1.2.  <u>See</u> <u>United States v. Conley</u>, 131 F.3d at 1390 (10th Cir. 1997).  "Mere reasonable foreseeability of the reckless behavior at issue is not enough by itself to support a § 3C1.2 enhancement."  <u>United States v. Conley</u>, 131 F.3d at 1390 (citing <u>United States v. Lipsey</u>, 62 F.3d 1134, 1136-37 (9th Cir. 1995)).  "Under Tenth Circuit case law, a district court imposing a § 3C1.2 enhancement 'must make a specific finding, based on the record before it, that the defendant actively caused or procured the reckless behavior at issue.'"  <u>United States v. Wilfong</u>, 475 F.3d 1214, 1220 (10th Cir. 2007)(quoting <u>United States v. Conley</u>, 131 F.3d at 1390).  <u>See</u> <u>United States v. Iracheta-Garces</u>, 277 F.3d 1373 (5th Cir. 2001)("Although there is an apparent

inconsistency between these two provisions of the sentencing guidelines, every circuit that has squarely addressed the issue has held that Application Note 5 establishes an exception to the more general rule of U.S.S.G. § 1B1.3(a)(1)(B)" (citing United States v. Cook, 181 F.3d 1232, 1235-36 (11th Cir. 1999))). Courts have applied the enhancement when defendants drove cars fleeing the police. See, e.g., United States v. Singer, 825 F.3d 1151, 1158-59 (10th Cir. 2016)(applying enhancement when defendant drove into a police roadblock when driving from the scene). Courts have also upheld the enhancement when a passenger participated in the flight. See, e.g., United States v. Byrd, 689 F.3d 636, 641-42 (6th Cir. 2012)(affirming enhancement when defendant drove the first getaway car then rode as a passenger in the second getaway car); United States v. Wilfong, 475 F.3d at 1219-20 (affirming enhancement when passenger tossed papers from the car window during the flight); United States v. Lugman, 130 F.3d 113, 116-17 (5th Cir. 1997)(applying enhancement when defendant encouraged driver to avoid the police and threw drugs from the car). In United States v. Conley, the Tenth Circuit concluded that the defendants who had planned an armed bank robbery had "aided, abetted, counseled, commanded, induced, procured or willfully caused" a driver's reckless driving, because the defendants planned to rob a bank with an alarm, the vehicle left quickly, the defendants committed a serious crime, and the defendants had guns, all of which implied that the defendants controlled the driver's actions and entered the crime planning to attempt to outrun law enforcement. 131 F.3d at 1391.

The United States has not met its burden of proof, by a preponderance of the evidence, for the Court to make a "specific finding, based on the record before it, that the defendant actively caused or procured the reckless behavior at issue." United States v. Conley, 131 F.3d at

1390. The United States determined that Gallardo is as culpable as his co-Defendants for the robberies, and it is reasonably foreseeable that a robbery would end in defendants attempting to evade law enforcement. Reasonable foreseeability, however, is not sufficient to apply the enhancement here. See United States v. Conley, 131 F.3d at 1390. The United States has not produced evidence about Gallardo's role in fleeing the police. This lack of proof distinguishes this case from those cases in which courts have applied the enhancement. The Court cannot determine whether Gallardo drove the car, threw away evidence, encouraged the driver, or took other action to aid and abet the flight. See United States v. Singer, 825 F.3d at 1158-59; United States v. Byrd, 689 F.3d at 641-42; United States v. Wilfong, 475 F.3d at 1219-20; United States v. Lugman, 130 F.3d at 116-17. In United States v. Conley, the Tenth Circuit concluded that the United States had met its burden of proof when a defendant helped plan a robbery, but the Tenth Circuit justified its conclusion, because the defendants likely planned that a reckless chase would ensue -- the vehicle was left running during the robbery and departed quickly on icy roads. See 131 F.3d at 1390-91. Further, the defendants made statements about trying to avoid the police. See 131 F.3d at 1391. Here, the United States has not provided evidence that the Defendants entered the crime planning to immediately flee the police or that the Defendants made statements about encouraging the flight. Accordingly, the Court will not apply a 2-level enhancement for recklessly fleeing law enforcement.

**IT IS ORDERED** that the Defendant's Formal Objections to Presentence Report, filed August 15, 2018 (Doc. 101), are sustained in part and overruled in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

John C. Anderson
  United States Attorney
Howard R. Thomas
Presiliano Torrez
  Assistant United States Attorneys
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Jerry Daniel Herrera
JD Herrera Law Offices
Albuquerque, New Mexico

      *Attorney for the Defendant*